IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEREMY SHANE FOGLEMAN** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil Action No. 1:16cv112-HSO-JCG** |
| § | | |
| **ROY O'DANIELS,** *et al.* § | | **DEFENDANTS** |

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.  The Court has a continuing duty to examine subject matter jurisdiction and is required to dismiss any action over which it lacks jurisdiction.  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3).  For the reasons that follow, the Court finds that this case should be dismissed without prejudice.

### I.  BACKGROUND

Plaintiff Jeremy Shane Fogleman ("Plaintiff") filed his pro se Complaint [1] on March 30, 2016, on a form to be used by prisoners in filing a complaint under 42 U.S.C. § 1983.  Compl. [1] at 1.  Plaintiff named as Defendants Roy O'Daniels and O'Daniels' business, Defendant Family Auto Wholesale.  *Id.* at 1, 4.  According to Plaintiff, he was employed by O'Daniels at Family Auto Wholesale.  *Id.* at 4.

> On 4/24/15 Roy O'Daniels took possession of a rough uncut diamond weighing approx. 56.5 ct's [sic], of mine under the understanding that he and one Murray Killebrew of Biloxi, MS were going to take the diamond to Schumacher Diamond Cutters of Bismark, ND, to sell it to them for a 10% commission on total price sold for plus reimbursement for airfare, hotel, and vehicle rental.  We wrote up and signed a contract guaranteeing me a minimum of $70,000.00 for diamond or 90% off selling price, minus

expenses.

*Id.*

Plaintiff alleges that, after O'Daniels took possession of the diamond, he no longer took or returned Plaintiff's phone calls. *Id.* at 5. O'Daniels allegedly represented to Plaintiff that the diamond was actually a quartz crystal. *Id.* Plaintiff maintains that the stone eventually returned to him was not the diamond that he gave O'Daniels. *Id.* Plaintiff therefore seeks damages of a "[m]inimum of 90% selling price" of the purported diamond. *Id.* at 4.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

There is no allegation or indication that either Defendant acted under color of state law, and Plaintiff is not asserting any claims under 42 U.S.C. § 1983. Nor is a federal question otherwise presented on the face of the Complaint. Plaintiff appears to assert state law claims against Defendants. The issue before the Court therefore is whether diversity jurisdiction existed at the time the Complaint was filed.

28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Plaintiff, who states that he is a citizen of both Mississippi and California, named as Defendants Roy O'Daniels and Family Auto Wholesale. Pl.'s Resp. [12] at 1. According to Plaintiff, O'Daniels is a Mississippi citizen. *Id.* Therefore, complete diversity of citizenship is lacking, and as such, this Court lacks subject matter jurisdiction.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**SO ORDERED** this the 2nd day of May, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE